IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CERx PHARMACY PARTNERS LP,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-1785-L** |
| | § | |
| **PROVIDER MEDS LP,** *et al.*, | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion of CERx Pharmacy Partners LP for Leave to Appeal to the District Court (Doc. 3), filed May 15, 2014. No response to the motion was filed. After considering the motion and applicable standard, the court **denies** the Motion of CERx Pharmacy Partners LP for Leave to Appeal to the District Court (Doc. 3).

**I.   Procedural and Factual Background**

CERx Pharmacy Partners LP ("Appellant" or "CERx") initiated this action on May 15, 2014, to obtain leave to appeal an interlocutory bankruptcy court order entered in the adversary bankruptcy proceeding (Case No. 13-03015-bjh) brought by CERx against Debtors Provider Meds LP ("Provider Meds") and OnSiteRx Inc. ("Onsite")[*] (collectively, "Debtors" or Appellees"). Before Debtors filed for bankruptcy, CERx loaned Provider Meds $8.92 million under various bridge loan documents, guarantees, and security agreements. According to CERx's motion for leave:

> The various notes became due and payable on June 30, 2012, and CERx demanded payment. The debt was [not] paid, so CERx served a notice that it would foreclose on its collateral—including the intellectual property rights described in the

---

[*] Onsite is the parent company of Provider Meds.

**Memorandum Opinion and Order - Page 1**

> SA—through public sale on December 13, 2012. The sale occurred as noticed; CERx was the highest bidder, with a credit bid of $750,000. Onsite thereafter filed for bankruptcy on January 21, 2013, and Provider Meds filed for bankruptcy on February 6, 2013.

Appellant's Mot. 2 (citations omitted). In the adversary proceeding, CERx moved for partial summary judgment:

> against all [of] the OnSite affiliates in bankruptcy and other affiliates, seeking . . . damages for failure to honor the notes and guarantees, and . . . injunctive and declaratory relief regarding the intellectual property that Provider Meds pledged as collateral, which CERx, as a buyer, had purchased from CERx, as a foreclosing creditor, through the foreclosure—in particular, the proprietary source code.

*Id.* at 2-3. CERx contended in its summary judgment motion that, since the December 2012 foreclosure or earlier, it owned "all the intellectual property rights that Provider Meds had owned, including without limitation, all intellectual property rights related to Provider Meds' proprietary software." *Id.* at 3 (citation omitted). CERx also contended that Provider Meds should be required to turn over all copies of the software and related databases and sought $10.3 million in damages pursuant to the loan documents and guarantees.

The bankruptcy court initially granted a money judgment in CERx's favor and declared that CERx owned the patent applications, but denied CERx's requested relief as to the proprietary source code. On April 15, 2014, upon reconsideration, the bankruptcy court vacated its earlier ruling regarding the source code and concluded that CERx had foreclosed on all of Provider Meds' intellectual property as of December 13, 2012. As a result, the bankruptcy court ruled that the bankruptcy trustee could not avoid the foreclosure under 11 U.S.C. § 544. The bankruptcy court nevertheless concluded that it could not determine, without a trial, whether Provider Meds owned the source code as of the date of the foreclosure sale or whether CERx purchased the source code at the foreclosure. The bankruptcy court also determined that, while the foreclosure was valid as

**Memorandum Opinion and Order - Page 2**

between CERx and Provider Meds, CERx had not perfected its security interest in the nonpatent intellectual property with respect to third parties.

CERx contends that the bankruptcy court erred in denying its Motion for Partial Summary Judgment. CERx maintains that it had valid liens and perfected those liens with respect to all of Provider Meds' intellectual property or "IP Assets," including "the proprietary source code used to operate the OnSiteRx system." Appellant's Mot. 4. As to the foregoing, CERx presents the following issues for interlocutory appeal:

> 1. Did the Assignment Provider Meds executed and incorporated into the SA (read together with all the loan documents as part of one transaction) effect an immediate transfer to CERx of all of Provider Meds' IP Assets, including the source code, subject to a condition subsequent that did not occur?
>
> 2. Was CERx's UCC-1 financing statement—which referred to the IP Assets collateral using broad language that included "all other intellectual property protection of any kind"—sufficient to perfect a security interest in all the IP Assets of Provider Meds, including the proprietary source code?
>
> 3. Does the summary judgment record conclusively establish that, at all relevant times, Provider Meds owned the IP Assets at issue, including the proprietary source code?

*Id*.

## II.     Interlocutory Appeal Standard

Interlocutory appeals are not favored because they interfere with the overriding goal of the bankruptcy system and the expeditious resolution of pressing economic difficulties. *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985). As a result, leave for an interlocutory appeal is granted only in exceptional circumstances that justify overriding the general policy of not allowing such appeals. *Id.* Section 158(a)(3) does not set forth a standard for determining whether to grant leave to appeal an interlocutory order from a bankruptcy court, but many district courts have adopted

the standard under 28 U.S.C. § 1292(b). *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). To be appealable under this standard, an interlocutory order must: (1) involve a controlling issue of law; (2) present a question upon which there is substantial ground for difference of opinion; and (3) an immediate appeal of this order must materially advance the ultimate termination of the litigation. *Id.* Furthermore, "[e]very ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed or balanced." *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, Case Nos. 3:11-CV-003-K, 3:10-CV-2541-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011).

### III. Analysis

Because the court determines that the second requirement for an interlocutory appeal has not been met, the court focuses on it. Generally speaking, a substantial ground for difference of opinion exists when:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006) (citation omitted). As noted by the court in *Flowserve*, "simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* at 724. Likewise, a party's contention that a district court ruled incorrectly does not demonstrate a substantial disagreement because an interlocutory appeal "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Id.* at 722, 724.

Here, CERx acknowledges that it must establish that a substantial ground for difference of opinion exists and cites *Flowserve* for support. As to this requirement, however, CERx merely asserts in conclusory fashion as follows:

> This court could decide all three issues as a matter of law, and all three present exceptional and difficult questions for which a substantial ground exists for difference of opinion. If nothing else, that is apparent from the fact (as the opinion reveals) that the bankruptcy court "requested supplemental briefing from the parties" on several issues; subsequently "ordered additional briefing on several issues," including the source code ownership issue, after CERx had filed its motion for reconsideration; and thereafter vacated [its] earlier decision by granting that motion in part and reexamining summary judgment.

Appellant's Mot. 9-10. No basis is presented for CERx's contention that the issues present "exceptional and difficult questions for which a substantial ground exists for difference of opinion." *Id.* Moreover, whether the bankruptcy court requested supplemental briefings from the parties and subsequently vacated its earlier decision does not establish that a substantial ground for difference of opinion exists. There is no indication that the bankruptcy court ruled "in a manner which appears contrary to the ruling of all Courts of Appeals which have reached the issue"; nor does Appellant contend that there is a split among the circuits on a question that the Fifth Circuit has not addressed. *See Flowserve Corp.*, 444 F. Supp. 2d at 723-24.

Further, the issues raised do not present "complicated questions aris[ing] under foreign law," or "novel and difficult questions of first impression." *Id.* It instead appears that CERx simply disagrees with the bankruptcy court's ruling on the questions presented, which is insufficient. Accordingly, the court determines that CERx has not presented a question upon which there is substantial ground for difference of opinion. Interlocutory appeal is therefore inappropriate. Having determined that CERx has not presented a question upon which there is substantial ground for difference of opinion, the court need not address the remaining requirements for interlocutory appeal.

**Memorandum Opinion and Order - Page 5**

## IV.	Conclusion

For the reasons stated, the court concludes that CERx has not met all of the requirements for interlocutory appeal. The court therefore **denies** the Motion of CERx Pharmacy Partners LP for Leave to Appeal to the District Court (Doc. 3) and **dismisses** this appeal.

**It is so ordered** this 25th day of November, 2014.

Sam A. Lindsay
United States District Judge